IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHARON MOWEN and
KEVIN P. KANE

    Plaintiffs,

v.

DAVID A. YOUNG AND
MARILENA DISILVIO

    Defendant(s).
_____/

CASE NO.:

DIVISION:

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs Sharon Mowen and Kevin P. Kane ("Plaintiffs"), by and through their undersigned counsel, file this Complaint and sue Defendants David A. Young and Marilena Disilvio ( "Defendants"), and state as follows:

### PARTIES

1. That at all times material hereto, Plaintiffs have been and continue to be citizens of Bucks County, Pennsylvania.

2. That at all times material hereto, Defendants David A. Young and Marilena Disilvio have been and continue to be citizens of Cuyahoga County, Ohio.

3. Defendants David A. Young and Marilena Disilvio own the property located at 911 Moon Court, Marco Island, Florida 34145 in Collier County, Florida.

### JURISDICATION AND VENUE

4. There is complete diversity of citizenship between Plaintiffs and Defendants in this case for purposes of subject matter jurisdiction as required by 28 U.S.C. § 1332(a) and the provisions of 28 U.S.C. §1441(a) in which citizens or subjects of a foreign state are additional parties.

5. The Plaintiffs are citizens of the Commonwealth of Pennsylvania.

6. The Defendants are citizens of the State of Ohio.

7. Venue in this District is proper pursuant to 28 U.S.C. § 1391 as the events giving rise to the Plaintiffs' claims occurred in Collier County, Florida.

8. The amount in controversy, without interest and costs, exceeds the sum of $75,000.00 as specified by 28 U.S.C. §1332.

## GENERAL ALLEGATIONS

9. Defendants own the Rental Property located at 911 Moon Court, Marco Island, Florida 34145 (hereinafter referred to as "Rental Property") in Collier County, Florida that is and was open to short-term renters.

10. On January 27, 2025, Plaintiffs were guests at the Rental Property.

11. On January 27, 2025, the Defendants were the owners, operator and/or responsible for managing, maintaining, and/or repairing areas of the Rental Property including but not limited to the pool surface area.

12. On January 27, 2025, after approximately one hour of unpacking, Plaintiffs used the swimming pool located at the Rental Property.

13. On January 27, 2025, after swimming, Plaintiff Sharon Mowen exited the pool to dry off and attempted to sit on a nearby lounge chair provided within the pool area. As Plaintiff Sharon Mowen took a step toward the lounge chair, her right foot suddenly and unexpectedly slipped on the pool deck, which was extremely slippery due to the Defendants' failure to apply or maintain appropriate slip-resistant paint, materials, or coatings.

14. As a direct result of the hazardous condition of the pool deck, Plaintiff Sharon Mowen's right ankle violently rolled and twisted.

15. After violently rolling and twisting her right ankle due to the hazardous condition of the pool deck, Plaintiff Sharon Mowen immediately heard a cracking sound and observed her ankle rapidly swelling and appearing visibly deformed.

16. At all relevant times, Plaintiff Sharon Mowen exited the pool and moved within the pool area in a manner reasonably foreseeable and intended for normal use of the premises.

17. Plaintiff Sharon Mowen did not engage in any conduct that contributed to her injury. Rather, her fall and resulting injuries were caused solely by the dangerous, unreasonably slippery condition of the pool deck—a condition Defendants knew or, in the exercise of reasonable care, should have known existed.

18. Defendants failed to maintain the pool deck in a reasonably safe condition, failed to inspect the premises, failed to warn of the dangerous condition, and failed to take necessary measures to ensure that the pool area complied with applicable safety standards, including the use of slip-resistant coatings. These acts and omissions directly and proximately caused Plaintiff Sharon Mowen's injuries sustained on January 27, 2025, at the rental Property.

19. As a direct and proximate result of the slip and fall on January 27, 2025, at the Rental Property, Plaintiff Sharon Mowen suffered serious permanent injuries, pain and suffering, disability, emotional distress, mental anguish, medical expenses, out of pocket costs and expenses, and lost ability to enjoy normal activities.

20. Plaintiff Kevin P. Kane suffered loss of consortium, companionship, and services of his spouse as a direct result of her injuries.

## COUNT I: NEGLIGENCE – PLAINTIFF SHARON MOWEN
## AGAINST DEFENDANTS DAVID YOUNG AND MARILENA DISILVIO

21. Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs 1 through 20 of this Complaint as though fully set forth herein.

22. On the aforesaid date, Plaintiff Sharon Mowen was a guest at Rental Property which, on or about the aforesaid date, was owned, leased, managed and/or maintained by Defendants.

23. At all times material hereto, Defendants as the owners and operators of the Rental Property, had a non-delegable duty to properly maintain the property in a reasonably safe manner, and to maintain the Rental Property in conformity with the local and state building codes and regulations and the common law of Florida, so as not to endanger the safety of Plaintiff Sharon Mowen.

24. At all times material to this cause of action, Defendants had a duty to maintain the premises in a reasonably safe condition and to warn guests of dangerous hazards.

25. Defendants negligently failed to maintain or adequately maintain the surrounding surface/area of the pool deck, thus creating a hazardous condition to invitees utilizing said surface, including Plaintiff Sharon Mowen, thus creating an unreasonably dangerous condition being present upon the Rental Property and causing a hazard, either in and of itself, or in conjunction with the construction, remodeling, modification, repair, maintenance or other procedures used upon the premises or through the schedule of said maintenance or lack of said scheduled maintenance.

26. Defendants negligently failed to maintain or adequately maintain the surrounding surface/area of the pool deck in a reasonably safe condition, to wit, by improper, ill-maintained the slippery surface by applying or maintaining the appropriate slip-resistant paint, materials, or coatings, otherwise dangerous and not safe to traverse, and in a dangerous and defective condition.

27. Defendants negligently failed to warn of one or more of the above-referenced dangerous conditions that existed at the time of the Plaintiff Sharon Mowen's incident about which Defendants had or should have had knowledge greater than that of Plaintiff Sharon Mowen.

28. The Defendants failed to warn of one or more of the above-referenced dangerous conditions that existed at the time of the Plaintiff Sharon Mowen's incident and negligently created

and/or permitted an unreasonably dangerous condition to exist causing Plaintiff Sharon Mowen to sustain serious injuries and damages, including, but not limited to, the following: manner, among other things:

    a) In failing to provide a safe place for guests on their property;

    b) In failing to provide premises that would safely accommodate guests;

    c) In carelessly and negligently creating, permitting, or allowing a condition to remain on the premises which involved unreasonable risk of harm to another person;

    d) In failing to inspect, discover and correct the aforementioned dangerous condition;

    e) In carelessly and negligently failing to take reasonable precautions to guard or protect Plaintiffs against said dangerous or hazardous condition; and/or

    f) In failing to properly warn Plaintiffs of the dangerous condition or to provide proper protection against the same.

29. Defendants' negligence was the direct and proximate cause of Plaintiff Sharon Mowen's injuries and damages.

30. As a result, Plaintiff Sharon Mowen suffered permanent bodily injury and resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for enjoyment of life, expense of hospitalization, medical nursing care and treatment. The losses are permanent or continuing in nature and Plaintiff Sharon Mowen will suffer such losses in the future.

**WHEREFORE**, Plaintiff Sharon Mowen demands judgment against Defendants David A. Young and Marilyn Disilvio for all damages allowed by law, including compensatory and special damages, costs, and any other relief the Court deems just and proper. Trial by Jury is hereby demanded on all issues so triable.

## COUNT II: LOSS OF CONSORTIUM – PLAINTIFF KEVIN KANE
## AGAINST DEFENDANTS DAVID YOUNG AND MARILENA DISILVIO

31. Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs 1 through 30 of this Complaint as though fully set forth herein.

32. At the time of the accident, the Plaintiffs Sharon Mowen and Kevin P. Kane were married and have continued to be married at all times relevant to this Complaint.

33. As set forth above, Defendants David Young and Marilena Disilvio negligently created, permitted, and failed to remedy or warn of a dangerous and unreasonably slippery condition and failed to take necessary measures to ensure that the pool area complied with applicable safety standards and/or apply or maintaining the appropriate slip-resistant paint, materials, or coatings, otherwise dangerous and not safe to traverse, and in a dangerous and defective condition.

34. Following the incident described in this Complaint, Plaintiff Sharon Mowen sustained significant and debilitating injuries that have impaired her ability to participate in normal marital relations, daily activities, and the shared life she previously enjoyed with her husband Plaintiff Kevin P. Kane.

35. As a further direct and proximate result of Defendants' wrongful acts or omissions, Plaintiff Kevin P. Kane has experienced emotional distress, mental anguish, strain on the marital relationship, and the burden of providing additional care, assistance, and support to his injured spouse.

36. Florida law recognizes a spouse's independent cause of action for loss of consortium arising from injuries negligently inflicted upon the other spouse. Plaintiff Kevin P. Kane brings this claim under Florida law pursuant to this Court's jurisdiction over the accompanying claims.

37. Plaintiff Kevin P. Kane was the lawful spouse of Plaintiff Sharon Mowen and by reason of aforesaid negligence has been deprived of the comfort and society, loss of companionship and

7 | P a g e

affection, impairment of their marital relationship; mental anguish, and services in and about the home and will continue to be deprived in the future.

**WHEREFORE**, Plaintiff Kevin P. Kane demands judgment against Defendants David Young and Marilena Disilvio for all damages allowed by law, including compensatory and special damages, costs, and any other relief the Court deems just and proper. Trial by Jury is hereby demanded on all issues so triable.

Date: November 26, 2025

/s/ *Dennis A. Creed, III*
Dennis A. Creed, III
Florida Bar. No. 0043618
dcreed@creedlawgroup.com
Bradley R. Hall
Florida Bar. No. 0026172
bhall@creedlawgroup.com
CREED & HALL
13043 W Linebaugh Ave
Tampa, FL 33626
Telephone: (813) 444-4332
Facsimile: (813) 441-6121
Attorneys for Plaintiffs